**Portia E. WEST, Relator,**

v.

**The Honorable William R. POWELL, Judge of the 80th District Court of Harris County, Texas, Respondent.**

No. 01–91–00806–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 26, 1991.

Gordon E. White, Houston, for relator.

Scott A. Hooper, Houston, for respondent.

Before SAM BASS, DUNN and HUGHES, JJ.

OPINION

PER CURIAM.

Portia West, relator, filed a motion for leave to file petition for writ of mandamus against the Honorable William Powell, respondent. Relator asks this Court to order respondent to proceed to trial in cause of

action number 90–55036, which involves relator's petition for bill of review.

Relator commenced an action, number 85–42429, against Otis Elevator, the real party in interest in the underlying proceeding, on July 24, 1985. On May 3, 1990, the case was dismissed for want of prosecution. Relator claimed that neither she nor her attorney was notified that the case had been dismissed and that her attorney received actual notice of the dismissal on August 20, 1990. Relator's attorney timely filed a motion to reinstate on August 23, 1990. Tex.R.Civ.P. 165a(3). Relator acknowledges that the motion to reinstate was set for a hearing on September 7, 1990, and that neither relator nor her attorney appeared at the hearing. The motion to reinstate was overruled by operation of law on November 6, 1990.

Relator's attorney filed a petition for bill of review under cause number 90–55036 on October 3, 1990. The petition for bill of review was called for trial on May 28, 1991. On that date, respondent ruled that since the motion to reinstate was timely filed in cause number 85–42429, relator's remedy to have the cause reinstated was the motion to reinstate. Respondent also ruled that he no longer had jurisdiction over cause number 85–42429 and that the remedy of a bill of review was not available to relator. Respondent dismissed the case with prejudice by an order signed on July 26, 1991.

Relator claims that respondent was under an affirmative duty imposed by law to conduct a trial and to render judgment on relator's petition for bill of review, pursuant to case law and rule 329b(f) of the Texas Rules of Civil Procedure. She asserts that a writ of mandamus is the only remedy available to relator to secure the right to rendition of judgment by way of trial in this cause, because an appeal does not carry with it a directive that the trial judge proceed to trial.

█ This Court has the power to issue a writ of mandamus when a relator demonstrates a clear right to the relief sought and no adequate remedy by law. *Moore v. Wood*, 809 S.W.2d 621, 622 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding). A clear right to the relief sought may be demonstrated when the trial court has clearly abused its discretion, or where the trial court has refused to perform a nondiscretionary act. *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 (Tex.1988). A writ of mandamus cannot be used as a substitute for an appeal provided by law. *Matthaei v. Clark*, 110 Tex. 114, 216 S.W. 856, 861 (1919).

█ A bill of review is an equitable proceeding designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). Relator's remedy was either to pursue the motion to reinstate or to file a timely appeal regarding dismissal of the cause of action. She did neither. One with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980). Thus, respondent had no legal duty to proceed to trial concerning the bill of review, nor did he clearly abuse his discretion in refusing to do so.

Relator permitted the judgment in cause number 85–42429 to become final by her failure to invoke the right of appeal within 30 days after she received actual notice of dismissal. No reason is stated in her motion to file petition for writ of mandamus for her failure to timely perfect an appeal. Thus, relator failed to avail herself of a remedy at law.

We, therefore, overrule relator's motion for leave to file petition for writ of mandamus.