**Scott CANTRELL, Appellant,**

**v.**

**HENNESSY INDUSTRIES, INC. and the Coats Company, Appellees.**

No. 12-89-00251-CV.

Court of Appeals of Texas, Tyler.

March 31, 1992.

Rehearing Denied June 18, 1992.

Leonard Davis, Tyler, for appellant.

Scott L. Davis, Dallas, for appellees.

BILL BASS, Justice.

Cantrell appeals the judgment against him in his product liability suit. Cantrell was injured when an automobile tire exploded in his face while changing the tire on a machine manufactured by the Coats Company. Because we find the trial court abused its discretion in too narrowly restricting discovery, we will reverse and remand for a new trial.

Nineteen-year-old Scott Cantrell had been working at the W.G. Tire Center in Sulphur Springs for four weeks when the accident took place. He was in the process of mounting a tire using Coats' 40.40A pneumatic tire-changing machine when, apparently, the tire was inflated with too much air pressure while the bottom bead of the tire was not in place. The exploding tire and rim left Cantrell blind and permanently disfigured.

Cantrell brought suit against the Coats Company (hereinafter "Coats") and its parent company, Hennessy Industries, Inc., under the theories of strict product liability and negligence. The jury did not find the machine to be defective, nor did they find Coats to be negligent in the design of the 40.40A. The jury did find Cantrell to be negligent in the operation of the machine. Accordingly, the trial court entered a take-nothing judgment against Cantrell.

A Coats tire-changing machine serves several functions. It can be used to take a tire off a rim, put a replacement tire on a rim, or seat the beads and inflate a replacement tire using its inflation system with air supplied by the operator's air compressor. Coats had manufactured many generations of the same design prior to making the 40.40A. The company also manufactured a different design referred to as the European-style tire changer. All designs manufactured by Coats used basically the same inflation system. At issue at trial was the safety of the inflation system employed by the 40.40A.

The Coats tire-changing machine relies on air supplied by the air compressor in a service station, which usually supplies up to 180 p.s.i. of air pressure. Bead seating only requires approximately 60 p.s.i. Cantrell's theory was that the 40.40A was unreasonably dangerous or defective because the machine allowed excessive air pressure to the tire during bead seating. He contends that Coats failed to equip the machine with a pressure-limiting device that

would have restricted the amount of air pressure to safe levels.

■ Cantrell argued that a pressure-limiting device was technically feasible and available years before 1983, the year the 40.40A in question was manufactured. The trial court, ruling on discovery objections by Coats, limited discovery to documents regarding the 40.40A machine manufactured between 1978 and 1983. The court repeatedly excluded evidence at trial of pressure-limiting devices used on other Coats tire-changing machines. Cantrell maintains that the trial court abused its discretion in limiting discovery to the 40.40A only, causing the rendition of an improper judgment in the case. We agree.

■ A matter is discoverable if it is relevant to the subject matter of the action; that is, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. TEX. R.CIV.P. 166b(2)(a). Such a broad grant is intended to increase the likelihood that all relevant evidence will be disclosed and brought before the trier of fact. *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). In *Jampole,* the trial court limited discovery to knowledge and information pertaining to 1971–77 Chevrolet Vegas in a product liability suit against General Motors. The plaintiff had sought to discover impact tests for other General Motors vehicles built between 1967 and 1979, including GM models manufactured by a foreign subsidiary. The Texas Supreme Court held that the trial court took an unduly restrictive view of the degree of similarity necessary for matters concerning other vehicles to be relevant. "The automobiles need not be identical in order for tests on one to be relevant in determining whether the design of another is defective." *Id.* at 573–74. Furthermore, courts must determine whether a product is defectively designed in relation to safer alternatives. Whether a safer design suitable for one machine is adaptable to another is a question of feasibility to be decided by the trier of fact, not a question to be resolved in ruling on discovery requests. *Id.* at 574. Evidence of the actual use of, or availability of practical, safer alternatives is therefore relevant. *Boatland of Houston v. Bailey,* 609 S.W.2d 743, 746 (Tex.1980). We cannot presume harm resulted, even if we find Cantrell has shown on appeal that proper discovery was denied. *Jampole,* 673 S.W.2d at 576. The burden is on Cantrell to show error requiring reversal. *Pope v. Stephenson,* 787 S.W.2d 953, 954 (Tex. 1990).

Although Coats built a diverse line of tire-changing machines, all Coats tire changers used basically the same inflation system to seat the beads and inflate the tires. The trial court should have allowed the discovery of documents relating to safer Coats designs using the same or similar inflation system. The availability before 1983 of a pressure-limiting device on other Coats machines appears to be not only discoverable but directly relevant to the central question in the case. We find that the trial court abused its discretion in limiting discovery to 40.40A machines only.

The documents attached to Cantrell's motion for new trial show Coats' efforts, as early as 1975, to research, develop, and evaluate safety devices to be used on their lines of tire-changing machines. Although Coats consistently maintained at trial that such a device was not available nor feasible in 1983, an internal Coats memorandum indicates that by 1975, the main practical problem had already been solved. The memo showed the results of an inflation test using a pressure-limiting device that yielded a negligible increase in inflation time compared to inflation time without the safety device.

Coats successfully objected to the discovery of safety devices on other Coats tire-changing machines. Coats then argued Cantrell's failure to show the availability and feasibility of any safety devices at the time the 40.40A was manufactured, the *very* evidence Coats had successfully kept from the jury. Cantrell has shown that such evidence existed but was not discoverable under the trial court's order. Harm is shown.

We conclude that the improper discovery order by the trial court amounted to such a

denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court. TEX.R.APP.P. 81(b)(1). Therefore, the judgment of the trial court is reversed and the case remanded for a new trial.

COLLEY, J., not participating.