**Ellecia X. FORWARD**

v.

**HOUSING AUTHORITY OF the CITY OF GRAPELAND, Texas.**

**No. 12–93–00001–CV.**

Court of Appeals of Texas, Tyler.

Oct. 20, 1993.

Rehearing Denied Nov. 30, 1993.

Mark J. Grandich, Huntsville, for appellant.

William R. Pemberton, Crockett, for appellee.

HOLCOMB, Justice.

This is an appeal from an order of eviction after the Housing Authority of the City of Grapeland, Texas, (hereinafter "Housing Authority") brought an action for forcible entry and detainer against Forward. Forward, after an adverse judgment by the Justice Court, appealed to the County Court at Law for a trial *de novo;* she now appeals from this second adverse judgment. We will affirm.

■ Appellant brings three points of error: she first complains the trial court erred by failing to compel the Housing Authority to disclose relevant facts it intended to use as its basis for eviction; second, the trial court erred by failing to compel facts which went to the heart of Appellant's affirmative defense, and, third, the trial court should have granted a continuance so Appellant could have filed a Writ of Mandamus. Appellant does not argue that the Housing Authority did not have grounds to evict or that the evidence was insufficient to support eviction; she only argues that she was denied discovery.

The Housing Authority receives funding through both State and Federal agencies; as a result, Appellant, whose sole source of income is governmental assistance, was able to lease her the apartment for $1.00 per month. After less than six months the Housing Authority gave Appellant notice that the lease was terminated because she had violated several of its terms. The Housing Authority filed a forcible entry and detainer action seeking the eviction of Appellant on September 16, 1992. The Housing Authority listed eight violations of the lease as reasons to evict Appellant, including, fornicating on the front steps of the apartment, gambling, bootlegging, threatening neighbors, disturbing neighbors, throwing trash on the common areas, and allowing people to reside in the apartment who were not listed on the lease. Appellant answered and asserted the affirmative defense that she was a victim of a pattern and practice of racial discrimination in violation of State and Federal statutes.

Appellant served interrogatories on the Housing Authority, most of which were responded to on November 2, 1992, at the same time objecting to several of the questions. Appellant moved to compel answers to the interrogatories and for sanctions against the Housing Authority on December 2, 1992. A hearing was conducted on December 8, 1992,

and the Housing Authority was ordered to answer all but two of the interrogatories, which are now the subject of this appeal. The order from this hearing was not signed by the court until the day the case was set for trial, December 21, 1992, due to Appellant's failing to agree to the form of the order the Housing Authority was proposing for signature. Appellant then sought a continuance so that she could file a Writ of Mandamus in this Court to eventually compel answers to her interrogatories. The continuance was denied.

Appellant's first point of error is that the trial court should have compelled the Housing Authority to "disclose relevant facts that the [Housing Authority] intended to use as its basis for evicting Appellant." Appellant argues that she had a right to the facts that would be used against her we agree. *State v. Lowry*, 802 S.W.2d 669 (Tex.1991, orig. proceeding). However, Appellant was informed by the petition what the grounds for eviction were. She took the deposition of each witness that would testify against her, and she had the benefit of a prior trial in the justice court where all the facts were presented to her. Appellant admitted that she had taken the depositions and she had access to the very matters she was seeking to discover through depositions. However, she wanted the same information to be given in written answers to the interrogatories because they had greater *preclusive effect* than the deposition answers.

The Housing Authority had the burden to show why it should not have to respond to the interrogatories. *Owens v. Wallace*, 821 S.W.2d 746 (Tex.App.—Tyler 1992, no writ). At the hearing the Housing Authority presented testimony alleging that producing the information in the form requested was burdensome and would cause unnecessary expense. The Housing Authority also argued that the request was meant to harass and annoy rather than to seek information.

■ When the trial court sustains an objection to discovery, our review is based on whether the trial court abused its discretion. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105 (Tex.1985); *Larson v. H.E. Butt Grocery Co.*, 769 S.W.2d 694 (Tex.App.—Cor-

pus Christi 1989, writ denied). A trial court may deny discovery if it finds that the interrogatory "may require an effort to respond that greatly exceeds the benefit of the information thereby disclosed." *Braden v. Downey*, 811 S.W.2d 922, 927 (Tex.1991).

The only evidence presented to the trial court was by the Housing Authority to the effect that the answers would be burdensome to them. Appellant failed to negate or present evidence that answering the interrogatories would not be burdensome to the Housing Authority nor did Appellant show that, despite the discovery she had conducted, she would be harmed. Given the details requested in the interrogatories and the expeditious nature of an action in forcible entry and detainer, we believe the trial court did not abuse its discretion by failing to compel the Housing Authority to answer the interrogatories. Point of error one is overruled.

■ By her second point of error Appellant argues that the trial court erred by failing to compel the Housing Authority to "disclose relevant facts which went to the heart of Appellant's affirmative defense." Appellant alleged that the Housing Authority had a pattern or practice of discriminating against black tenants. She alleged that they were evicted more frequently than white tenants. To support this allegation, Appellant asked the Housing Authority to list every notice of any lease violation or complaint that was sent to any tenant, to list every tenant that had left the project in the last two years, and as to each of these tenants, to identify their race, full name, present or last known home or business address, where such person may be reached for service of process, current telephone number, job title and job description. Appellant also requested production of every document identified by the answers to the above interrogatories. The Housing Authority excepted to this request as outside the scope of discovery allowed, over broad, global, non-specific, and a "fishing expedition." The Housing Authority also said it was too burdensome, an unnecessary expense, that it was meant to harass and annoy, and that it invaded the privacy rights of the tenants. The trial court directed the Housing Authority to disclose the complaint

record of each witness that would testify but refused to compel disclosure of the other requested information.

Appellant argues that without the information she is unable to present evidence that there was a pattern or practice of racial discrimination. She argues that the only way to establish her defense is for the Housing Authority to provide the information to her. She further argues that while the Housing Authority presented evidence of some burden it did not establish that the burden was "undue." *Independent Insulating Glass v. Street,* 722 S.W.2d 798 (Tex. App.—Fort Worth 1987, writ dism'd). Appellant argues that the Housing Authority's evidence, as to the undue burden, is not credible. However, in *Independent Insulating Glass* the party wishing to resist discovery had presented no evidence upon which the trial court could have made an informed judgment in its favor. *Id.* at 802. Conversely, in this case there is nothing to refute the evidence that complying with the discovery request would entail a "undue burden." The trial court is to determine the degree of credibility to give each witness and this Court will not substitute its judgment for that of the trial court on fact issues. *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). Since the trial court determined that there was credible evidence showing the burden on Appellee would be undue, and Appellant has produced nothing to refute that finding, Appellant has not met her burden of showing the trial court abused its discretion. *Barker v. Dunham,* 551 S.W.2d 41 (Tex.1977), nor has she shown that she was harmed by the trial court's decision. *Pope v. Stephenson,* 787 S.W.2d 953, 954 (Tex.1990); *Cantrell v. Hennessy Industries, Inc.,* 829 S.W.2d 875, 877 (Tex.App.—Tyler 1992, writ denied). Point of error two is overruled.

By her third point of error Appellant argues that she should have been given a continuance so that she could have filed a Writ of Mandamus to require the trial court to compel discovery. The failure to pursue mandamus relief does not prejudice or waive an Appellant's right to complain of discovery error on appeal. *Pope v. Stephenson,* 787 S.W.2d at 954. The issues Appellant wished

to review by mandamus have been reviewed by this appeal. A remedy by appeal is not inadequate and we have not been "foreclosed from writing on discovery issues." *Walker v. Packer,* 827 S.W.2d at 842–43. Appellant's point of error three is overruled.

The judgment of the trial court is affirmed.