**ISK BIOTECH CORPORATION, Relator,**

v.

**The Honorable Tony LINDSAY, Judge of the 280th District Court of Harris County, Respondent.**

No. 01–95–01205–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 16, 1996.

Don A. Wetzel, Erik Walker, Woodland, for Relator.

Harold Dorin, Catherine L. Schnaubelt, Judge Tony Lindsay, Houston, for Respondents.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

1. Cause No. 94–33125, in the 280th District Court of Harris County, styled *ISK Biotech Corporation v. John Brown E & C.*

2. Brownco's objections were that the requests: (a) were not reasonably calculated to lead to the discovery of admissible evidence; (b) called for

## OPINION

ANDELL, Justice.

The underlying litigation is an action[1] by relator ISK Biotech Corp. (ISK) against real party in interest John Brown E & C (Brownco) for breach of contract and fraud, arising out of the undertaking known between them as the "Bravo 825 project," which called for Brownco to construct a "spray dryer" facility at ISK's existing chemical plant. ISK complains of Judge Lindsay's orders granting a protective order in favor of real party in interest John Brown E & C (Brownco) and refusing to compel it to produce specified documents. We agree that Judge Lindsay's ruling constitutes a clear abuse of discretion for which ISK has no adequate remedy by appeal, and we conditionally issue a writ of mandamus.

In its live pleading, ISK alleged that (1) when Brownco bid on the Bravo 825 project, it misrepresented to ISK that it had successfully performed projects similar to Bravo 825 in the past, and (2) Brownco misrepresented to ISK that Brownco would assign to Bravo 825 the personnel who had worked for it on those projects, and/or other personnel experienced in the same type of work. ISK later propounded interrogatories, one of which asked Brownco to "List and fully identify all other [projects similar to Bravo 825] to which [Brownco] has provided engineering or construction services since January 1, 1985." In a supplemental response, Brownco ultimately identified 14 "fast track projects from January 1, 1989 to the present[.]"

In its second request for production of documents, ISK sought a broad array of documents from the 14 projects Brownco had identified. Brownco objected to production, evoking ISK's motion to compel, which in turn evoked Brownco's combined response and motion for protective order.[2] When Judge Lindsay granted Brownco's motion for protective order and denied ISK's motion to

proprietary information; (c) were unduly burdensome and sought solely for the purpose of harassment; and (d) sought documents protected by (i) the attorney/client privilege, (ii) attorney work product exemption, (iii) investigative privilege, or (iv) party communication privilege.

compel with respect to the documents relating to the 14 projects, ISK filed a motion for reconsideration, seeking only documents about two of the original 14 projects—namely, (1) the Oxychem PVC Facilities Upgrade (Oxychem project) and (2) the AKZO Nobel Specialty Chemicals Project (AKZO project).[3] Those two projects were the only two that Brownco had further described in its answers to interrogatories specifically as "spray dryer" projects. Judge Lindsay denied ISK's motion for reconsideration, and this mandamus proceeding followed.

 Mandamus is the proper remedy for an order denying discovery when that order is a clear abuse of discretion. *Hilliard v. Heard*, 666 S.W.2d 584, 585 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding). Erroneous denial of discovery going to the heart of a party's case severely compromises a party's ability to present a viable claim or defense at trial, and renders the appellate remedy inadequate. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex.1995) (orig. proceeding); *General Motors Corp. v. Tanner*, 892 S.W.2d 862, 864 (Tex.1995) (orig. proceeding); *see also Granada Corp. v. First Court of Appeals*, 844 S.W.2d 223, 225–26 (Tex.1992) (orig. proceeding) (order protecting corporate information vacated because it prevented shareholders from pursuing claim of fraud). The remedy by appeal may also be inadequate where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court after proper request refuses to make it part of the record, such that the reviewing court is unable to evaluate the effect of the trial court's error on the record before it. *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex.1992) (orig. proceeding).

Neither ISK nor Brownco presented live witnesses or other evidence at any oral hearing; the evidence they presented consisted exclusively of affidavits and other documentary evidence attached to the motions and responses.

Attached to ISK's motion to compel were copies of discovery requests and answers, and letters between counsel about them; as well as documents constituting all or part of Brownco's proposal to ISK concerning the Bravo 825 project, authenticated by the affidavit of Frank Rigsby, ISK's technical manager. After setting forth the basis of his personal knowledge, Rigsby also said,

> In [Brownco's] proposals, correspondence, and communications, [Brownco] represented that it had successfully performed projects similar to the Bravo 825 project. For instance, [Brownco] represented that it had successfully performed other spray dry and fast track projects. [Brownco] promised that it would assign its most experienced engineers to our project. For instance, [Brownco] agreed to relocate most of the engineers working on a PVC Baghouse upgrade for Oxychem, a project similar to Bravo 825, to our project. In fact, the majority of engineers on our project had little or no experience with projects of this nature.
>
> [Brownco's] representations of past success and promised manpower commitment were important factors in ISK's decision to select [Brownco] as contractor.

Finally, also attached to ISK's motion to compel was the affidavit of Thomas Kocurek, a registered professional engineer retained by ISK as an expert witness. Kocurek described the documents Brownco had produced at that point, and his examination of them, and listed several categories of documents which, he said, are "generated on any project of this magnitude[, and] which were missing from [Brownco's] production, and which are essential to evaluating [Brownco's] performance on the project[.]" He went on to say, in pertinent part, that

> My review of [Brownco's] proposal and bid to ISK reveals that [Brownco] promised (a) it had successfully performed other similar projects; (b) it would use the same manpower it had used on other similar projects, in an effort to induce ISK to select [Brownco] as contractor. No documents have been produced showing successful ISK–Biotech performance on other projects, or indicating the personnel employed

**3.** It also appears that ISK contemporaneously altered—and at least arguably, somewhat narrowed—the wording of the requests for production themselves.

on those projects. Furthermore, a review of the resumes of the project engineers shows that many were very inexperienced in the type of ISK–Biotech process unit being designed and constructed.

In the second and last round of production, [Brownco] produced individual engineer files which contained primarily drawings. None of the documents listed above as missing were produced.

The only new affidavit later attached to ISK's motion for reconsideration was from Erik B. Walker, one of ISK's attorneys, who merely authenticated documents. Although several of those documents were newly added, all were consistent with, and to some extent cumulative of, the evidence which had accompanied ISK's motion to compel.

For its part, Brownco attached two affidavits to its combined response to ISK's motion to compel and motion for protective order; although several unsworn documents also were attached, no other evidence was included. The first affidavit was from Harold Dorbin, an attorney serving as associate general counsel for Brownco, and the second was from Tamala McKenzie–Kring, the legal assistant for Brownco. The portion of Dorbin's affidavit setting forth his knowledge germane to the discovery dispute was, in its entirety:

> When [Brownco] performs engineering and/or construction services for its clients, it executes a secrecy agreement restricting it from divulging any trade secrets, proprietary and confidential manufacturing and/or operation information and processes.
>
> [Brownco's] legal department routinely conducts investigations of claims made against [Brownco] in anticipation of litigation.

The equivalent portion of McKenzie–Kring's affidavit, in its entirety, said:

> [Brownco's] project files are stored both on-site and off-site. The off-site storage contains fifty-four hundred (5400) storage boxes. The boxes are stored by department and all documents for one project are not necessarily stored in the same area. In searching the index of project documents, the boxes which would contain information possibly responsive to [ISK's] second request for production of documents would consist of hundreds of boxes and require weeks of time to search. By way of example, the documents for one project consists [sic] of 51 boxes of documents.

These same two affidavits were the only evidence attached to Brownco's response to ISK's motion for reconsideration.

■ We turn first to the question of whether Judge Lindsay's ruling constitutes a clear abuse of discretion. Her order does not specify which of Brownco's objections she sustained to support her ruling. Accordingly, her ruling can constitute a clear abuse of discretion only if none of those objections will suffice to support it. *See American Book Co. v. Marrs,* 113 Tex. 291, 253 S.W. 817, 818 (1923) (orig. proceeding) (mandamus petition must show that relator has a clear right to the writ); *West v. Powell,* 816 S.W.2d 836, 837 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (relator must establish a clear right to relief sought).

■ Brownco's first objection was that the discovery requests in question were not reasonably calculated to lead to the discovery of admissible evidence. We disagree. The conclusion that ISK's request for documents concerning the Oxychem project and the AKZO project *was* reasonably calculated to lead to the discovery of admissible evidence is inescapable here, where Brownco itself identified the two projects as spray dryer projects similar to the Bravo 825 project that is the subject of the underlying suit.

■ Brownco also objected that the discovery requests were unduly burdensome and made solely for the purpose of harassment. We have already concluded, however, that these discovery requests were reasonably calculated to lead to the discovery of admissible evidence; a request that meets that criterion is manifestly not, as Brownco had put it, "sought *solely* for the purpose of harassment." (Emphasis added.) Second, concerning the "unduly burdensome" branch of this objection, we note that merely showing that a discovery request is burdensome is not enough; it is only *undue* burden that

warrants nonproduction. *See* TEX.R.CIV.P. 166b(5) (authorizing trial court to issue protective order when *"necessary* to protect the movant from *undue* burden" (emphasis added)).[4] Here, the difficulties in production to which McKenzie–Kring's affidavit refers relate principally to the methods by which Brownco chooses to store and organize its materials. To the extent that a discovery request is burdensome because of the responding party's own conscious, discretionary decisions, that burdensomeness is not properly laid at the feet of the requesting party, and cannot be said to be "undue." *See State v. Wood Oil Distributing, Inc.,* 751 S.W.2d 863, 865 (Tex.1988) (trial court did not commit clear abuse of discretion in denying condemnee's motion for continuance because its lack of opportunity to depose State's witnesses and to review depositions of its own witnesses its own attorney was unable to attend was "a predicament of its own making"). Finally, McKenzie–Kring's affidavit, first presented to oppose ISK's original request, addressed the burdensomeness of *that* request; and had little or no probative force with respect to ISK's newly-diminished request for production that was the subject of its motion for rehearing.

Brownco's remaining objections—that the discovery requests call for proprietary information, and that the requests sought documents which are protected from discovery—lacked evidentiary support. Concerning the former, only the Dorbin affidavit refers in any way to proprietary information; it does not, however, describe the terms of any "secrecy agreement" applicable to either the Oxychem project or the AKZO project, and does not attest that any of the documents

ISK sought actually contained proprietary or confidential information, within the meaning of any such applicable agreement. Likewise, the only evidence germane in any way to the latter objection is the Dorbin affidavit; it does not show when or if there was *ever* any reason for Brownco to anticipate litigation *on either the Oxychem project or the AKZO project.* Nor does the Dorbin affidavit include a positive assertion that, even assuming Brownco anticipated litigation on either of those two projects, Brownco followed its own routine practice and actually conducted such an investigation in connection with either of those projects and then memorialized that investigation in the project file.[5]

■ None of Brownco's four objections will, on this record, support the protective order and refusal to compel production. Each ruling was a clear abuse of discretion. Turning to the question of the adequacy of ISK's remedy by appeal: in light of the allegations of ISK's live pleading, recounted above, the documents ISK sought plainly go to the heart of ISK's fraud case. The lack of those documents will severely compromise ISK's ability to present a viable fraud claim at trial.

Respondent's ruling constitutes a clear abuse of discretion for which ISK has no adequate remedy by appeal. Accordingly, we conditionally issue a writ of mandamus, directing her to vacate the September 29, 1995, order denying ISK's motion for reconsideration, and to enter an order compelling Brownco to produce to ISK the documents it requested concerning the Oxychem project and the AKZO project; and to the extent that they are inconsistent with that manda-

---

**4.** *Forward v. Housing Authority of City of Grapeland,* 864 S.W.2d 167, 170 (Tex.App.—Tyler 1993, no writ), also supports this conclusion. There, the court of appeals upheld the trial court's refusal to compel production. It did so even though appellant conceded that the housing authority had presented evidence that appellant's discovery request was burdensome—because, as the court observed, the record supported the trial court's rejection of Forward's argument that the burden had not been shown to be "undue." *Id.* *See also* Webster's Third New International Dictionary 2492 (3d ed. 1971) (defining undue *as* "exceeding or violating propriety or fitness: excessive, immoderate, unwarranted").

**5.** Evidence of the existence of the practice itself is, of course, relevant, under TEX.R.CIV.EVID. 406, to prove that the practice was followed in a given instance. Where Brownco's objections to ISK's request for production were concerned, however, the question is whether *the documents* ISK sought would reflect any such investigation. The mere existence of the routine practice itself tends to show that an investigation was performed, but does not, standing alone, tend to show that the investigation generated any particular documents shielded from production.

mus relief for ISK, we further direct her to vacate her September 7, 1995, "order denying in part, granting in part, and passing defendant's motion for protection" and her September 7, 1995, "order granting and denying plaintiff's motion to compel."

None of our directions to Judge Lindsay are intended to alter the scope of her discretion to regulate the *manner* of production. Specifically, Judge Lindsay may provide that the production of the documents in question be accompanied by safeguards she may, in her discretion, deem necessary to provide for the protection—as against any person or entity other than those legitimately participating, in some capacity, in the litigation between ISK and Brownco—of any legitimate confidentiality interests or obligations of ISK, Brownco, and Brownco's clients.

We are confident that Judge Lindsay will act in conformity with our directions. The writ will issue only in the unlikely event that she does not.