NO. 07-03-0543-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 17, 2004

_____

IN RE SHANNON RENEE LUSTER, RELATOR

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

By this original proceeding, relator Shannon Renee Luster, natural mother of Christyn Shanae Luster, the subject of underlying proceedings, presents five issues seeking a writ of mandamus to compel the Honorable David McCoy, Judge of the 100th District Court of Carson County, and Celeste Bichsel, District Clerk of Carson County, to provide certified copies of any and all documents filed in cause number 9373 since October 22, 2003, including a certified copy of the termination of parental rights order. Relator further requests a stay of proceedings in cause numbers 9204, 9231, and 9373 and that the 100th District Court be divested of jurisdiction pursuant to the Indian Child Welfare Act. *See* 25 U.S.C. § 1901, *et seq*. For the reasons expressed herein, that

portion of the petition for writ of mandamus seeking relief against the District Clerk of Carson County is dismissed for want of jurisdiction and that portion seeking relief against the Honorable David McCoy is denied.

According to the limited record presented:

- the minor child is enrolled with the Choctaw Nation of Oklahoma;

- her natural father filed for divorce from relator on August 18, 2002;

- the paternal grandparents, William Darell Luster and Lynn Lee Luster, were appointed temporary sole managing conservators, and by order dated January 6, 2003, were appointed sole managing conservators with relator being appointed possessory conservator;

- on March 17, 2003, relator was found in contempt and committed to the county jail for failing to produce the minor child in accordance with the trial court's order of January 6;

- on June 20, 2003, the Lusters filed a petition to terminate the parental rights of relator;

- relator was properly served but did not appear at the hearing on the petition to terminate her rights;

- on November 12, 2003, the trial court signed an order terminating the parental rights of relator and appointing the Lusters sole managing conservators (the order is not contained in the documents filed in this proceeding); and

- no accelerated notice of appeal from the trial court's termination order was filed.

**District Clerk of Carson County**

This Court only has the authority to issue writs of mandamus agreeable to the principles of law regulating those writs against district and county judges within our

jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004). Consequently, we have no jurisdiction to issue a writ of mandamus directing the District Clerk of Carson County to provide certified copies of documents to relator.

### Request for Certified Copies of Trial Court Records

By her petition for writ of mandamus, relator also requests we compel the Honorable David McCoy to provide certified copies of any and all documents filed with the District Clerk in cause number 9373 since October 22, 2003. After relator's petition was filed, by order dated January 29, 2004, the trial court ordered the District Clerk of the 100th District Court of Carson County to provide counsel with access to the files and provide copies of requested documents upon receipt of payment. Accordingly, that portion of relator's request is rendered moot.

### Request for Stay of Underlying Proceedings and Injunction and
### Request to Divest Trial Court of Jurisdiction

Pursuant to Rule 52.10 of the Texas Rules of Appellate Procedure, relator seeks a stay of proceedings in cause numbers 9204, 9231, and 9373, all pertaining to suits affecting the parent-child relationship. Relator requests that every order pertaining to custody of the minor child be invalidated for being in violation of the Indian Child Welfare Act. Finally, relator seeks to divest the 100th District Court of Carson County of jurisdiction over the proceedings. Real parties in interest, the Lusters, filed their response to relator's

petition and a motion to dismiss. They assert that mandamus is not an appropriate substitute for an appeal and that an appellate proceeding should be dismissed when an appellate court learns that the party seeking relief has taken the child in defiance of the order under review.

Mandamus is an extraordinary remedy available only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies such as an ordinary appeal. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A party seeking mandamus relief must demonstrate a clear right to the relief sought and that no adequate remedy at law exists. West v. Powell, 816 S.W.2d 836, 837 (Tex.App.–Houston [1st Dist.] 1991, no writ). A clear right to the relief sought may be demonstrated when the trial court has abused its discretion or where the trial court has refused to perform a nondiscretionary act. Doctors Hosp. Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 178 (Tex. 1988).

A writ of mandamus cannot be used as a substitute for the ordinary appellate process. Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991); *see also* Matthaei v. Clark, 110 Tex. 114, 216 S.W. 856, 861 (1919). Reasons for not pursuing the appellate process such as cost or delay do not render the remedy at law inadequate; thus, mandamus will not lie. Iley v.Hughes, 158 Tex. 362, 367-68, 311 S.W.2d 648, 652 (1958). Although relator's complaints raised in her petition for writ of mandamus may have been meritorious if presented by an accelerated appeal filed pursuant to the Family Code and

4

the Texas Rules of Appellate Procedure, *see* Tex. Fam. Code Ann. § 109.002(a) (Vernon 2002) & Tex. R. App. P. 26.1(b), or by a restricted appeal attacking the termination order pursuant to Rules 25.1(d)(7) and 30 of the Texas Rules of Appellate Procedure, questions we do not decide, she has not established her entitlement to mandamus relief.

Accordingly, the motion to dismiss filed by William Darell Luster and Lynn Lee Luster is overruled. That portion of Shannon Renee Luster's petition for writ of mandamus against the Carson County District Clerk is dismissed for want of jurisdiction; in all other respects the petition for writ of mandamus against the Honorable David McCoy is denied.


Don H. Reavis
Justice