James N. **BARROWS**, et al., **Appellants,**

v.

Charles G. **EZER, Appellee.**

No. B2663.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 26, 1981.

R. E. McDaniels, Winnie, Alister B. Mahon, Minter & Mahon, Taylor Moore, Browne & Moore, Houston, for appellants.

Mark Owen, Ernest F. Bogart, Jr., Austin, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

This is an appeal from an order of severance and an order striking an intervention.

This controversy arose over the last will and testament of George R. Canada who

died in 1958. The will was admitted to probate the same year in the county court of Chambers County. The appellee, Charles Ezer (Ezer), was named as independent executor of the will. The will provided for the creation of a trust naming Canada's widow, Winifred Adair Canada, and Ezer as co-trustees. Mrs. Canada was named as the lifetime beneficiary of the trust, and upon her death its terms provided the assets of the trust would be transferred to a second trust created by the will. The second testamentary trust named Ezer and Gil Phares as co-trustees and called for specific bequests to be made to various individuals. The remainder of the trust assets were then to be delivered to Ezer by the co-trustees. Mrs. Canada died on June 14, 1978, thereby invoking the terms of the first trust requiring the assets to be transferred to the second trust and the specified distribution. Gil Phares and other named substitute co-trustees refused to serve with Ezer resulting in a suit being filed by Ezer, as independent executor of the estate of George R. Canada, in the District Court of Chambers County to determine how to carry out the terms of the second trust and for the appointment of a co-trustee. That suit was given the cause number 8149.

George H. Canada (Canada), the only son of the testator and one of the appellants herein, was a beneficiary under the second trust and was named as a party to the suit. Canada filed a counter-claim claiming his father's will was invalid due to: (1) lack of testamentary capacity; (2) undue influence; and (3) false and fraudulent representations made to the testator on which he relied. The counter-claim also sought as alternative relief the imposition of a constructive trust for the benefit of George H. Canada on all real and personal property obtained by Ezer from George R. Canada's estate.

On October 13, 1978, the trial court, upon Ezer's motion, dismissed Canada's counter-claim for want of jurisdiction and appointed a co-trustee to administer the trust and granted other relief. Only that portion of the judgment dismissing the counter-claim

was appealed by Canada to the Court of Civil Appeals. Significantly, no complaint was made of the appointment of a co-trustee or the trial court's order directing the trustees to cause trust assets not previously disposed of to be delivered to Ezer, individually. The Court of Civil Appeals held the trial court was without jurisdiction to hear the will contest as that part of the counter-claim was a collateral attack on the administration of the will to probate and that nowhere in the record existed an attack on the jurisdiction of the county court. The Court of Civil Appeals, in addressing the issue of whether the district court erred in dismissing that part of the counter-claim seeking imposition of the constructive trust, held the trial court did have jurisdiction to hear evidence and rule on the request to impose a constructive trust upon the assets of the estate. In so holding, the Court of Civil Appeals reversed and remanded the cause to the district court for further proceedings to determine whether a constructive trust should be imposed. Neither side sought a writ of error. *Canada v. Ezer*, 584 S.W.2d 568 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

During the period of time the case was on appeal, Canada filed a will contest over his father's will in the county court of Chambers County. That action was then transferred upon Canada's motion to the district court and was given the cause number 8420. On December 7, 1979, Ezer moved to consolidate cause number 8420 with 8149 and further moved to sever from cause number 8149 the relief previously granted in the judgment of October 13, 1978. The motion to consolidate was granted January 11, 1980. On January 14, 1980, Gladys Canada Bledsoe (Bledsoe), James N. Barrows (Barrows) and R. E. McDaniel (McDaniel), the other appellants in this appeal and persons interested in the estate of Mrs. Canada, filed a motion to intervene in cause number 8149 and further petitioned the court to consolidate cause numbers 8196, 8420, 8493 and 8627 with cause number 8149.[1] A mo-

---

1. These other cases dealt with matters relating to George R. Canada's estate and Winifred Adair Canada's estate.

tion to strike the intervention of the above named three parties was filed by Ezer on January 28, 1980 and said motion was granted November 3, 1980. Bledsoe, Barrows and McDaniel appeal from that order. Ezer's previous motion to sever was granted on October 31, 1980. The order made pursuant to the motion for severance stated in relevant part:

\* \* \* \* \* \*

"ORDERED that the application for Administrative relief originally filed under Cause Number 8149, and the order entered granting such relief be and the same is hereby SEVERED from the Cross-Action subsequently filed and the will contest subsequently consolidated in this lawsuit and said request for Administrative relief as initially filed herein and the relief granted is hereby docketed under Cause Number 8149A, styled in the matter of the testamentary trust of George R. Canada, Deceased."

All four appellants appeal from the order of severance.

All appellants contend the trial court erred in severing the previous order appointing a co-trustee and granting other relief from the remainder of the issues to be litigated. They claim the judge's severance order resulted in a final judgment as to the appointment of the co-trustee and by ordering the co-trustees to deliver certain assets to Ezer, effectively settled the issue of the validity of the will. Additionally, appellants argue the severance order denied them due process and was error because the issues relating to the will contest and constructive trust are inextricably intertwined with the issues relating to the appointment of the co-trustee and the other relief granted.

■ Normally, where the trial court orders a severance, the case is divided into two or more independent causes. The determination of any of the severed causes which results in a separate, final and enforceable judgment and which disposes of the severed part of the case is appealable. *Hall v. City of Austin*, 450 S.W.2d 836 (Tex. 1970). A distinction is drawn, however,

where an appeal is brought based on the order granting the severance, as that order itself is not appealable. *Walker v. Peters*, 434 S.W.2d 958 (Tex.Civ.App.—El Paso 1968, no writ). Additionally, an order overruling a motion for severance is not appealable. *Texas State Board of Examiners in Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242 (1961). In this appeal, appellant's contend the trial court has created a final judgment by severing the portion of the previous order which appointed a co-trustee and ordered the delivery of assets to Ezer. Based on this contention, we have jurisdiction to review this point.

The order relating to the appointment of a co-trustee and delivery of estate assets was part of the trial court's judgment that was appealed to the Court of Civil Appeals. In that appeal no points were raised or determined as to the appointment of the co-trustee or delivery of assets to Ezer, rather, all that was directly presented for appeal were the issues relating to the will contest and constructive trust. The Court of Civil Appeals reversed the trial court judgment dismissing for want of jurisdiction the constructive trust claim and remanded the case for further proceedings to hear evidence on that issue. We hold that the right to complain of the order relating to the appointment of the co-trustee and delivery of assets to Ezer was waived because of the failure to present that issue on the first appeal. In effect, that part of the judgment was affirmed and now carries the authority as the law of the case.

■ The doctrine of the law of the case basically is defined as that principle which states that questions of law decided on appeal to a court of ultimate last resort will govern the case throughout all of its subsequent stages, including a retrial and a subsequent appeal. *Kropp v. Prather*, 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Houston Endowment, Inc. v. City of Houston*, 468 S.W.2d 540 (Tex.Civ. App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). Or, as stated in *Allied Finance Co. v. M. T. Shaw*, 373 S.W.2d 100, 106 (Tex.Civ. App.—Fort Worth 1963, writ ref'd n.r.e.):

"The holdings announced in a former appeal constitute the law of the case. Matters that were either presented to or directly passed upon or *which were in effect disposed of on a former appeal to a Court of Civil Appeals* will not again be passed upon by that court." (emphasis added).

▮ The purpose of the doctrine is based on public policy and is "intended to put an end to litigation." *Elliott v. Moffett*, 165 S.W.2d 911 (Tex.Civ.App.—Texarkana 1942, writ ref'd w.o.m.). This principle only applies to questions of law and not to questions of fact and applies "only if it appears on the second appeal that the facts are substantially the same as those involved on the first trial." *Kropp v. Prather, supra*, at 285. The doctrine will generally not apply where the issues presented at the two trials are not identical. *Id.* Nor will the rule apply where the decision on the former appeal was clearly erroneous. *Connecticut General Life Insurance Co. v. Bryson*, 148 Tex. 86, 219 S.W.2d 799 (1949); *Miller v. Winn*, 28 S.W.2d 578 (Tex.Civ.App.—Fort Worth 1930, writ ref'd).

▮ We find the appointment of the co-trustee and directing assets to be delivered to Ezer were questions of law. If we were to allow the parties to re-litigate those issues or re-appeal the orders pertaining thereto, we would be permitting the practice of allowing parties to bring multiple appeals from the same case in piecemeal fashion. In other words, in a case where for example three issues existed (such as the case at bar), a party would be allowed to appeal two of the issues, and bring a separate appeal on the remaining issue. Or, the appellant could bring three separate appeals. Allowing this procedure would be in clear violation of the dictates of public policy striving to prevent useless, repetitious, and multifarious litigation and appeals. We express the view that in the interest of the public and judicial economy the entire case should be brought on appeal at the very first opportunity and not presented in multiple appeals. Of course, there are specific procedures provided in the Texas Rules of Civil Procedure and in various statutes in Texas providing for the severance of issues and causes of action, but these rules and statutes are provided to allow an orderly process of resolving, supporting and distinguishing issues and causes of action that if not determined separately, confusion and complexity would prevent a fair, intelligent and orderly adjudication of the matters at hand. Therefore, we hold where no complaint was made on the first appeal as to the appointment of the co-trustee or directing assets be delivered to Ezer, and in the absence of a finding of fundamental error in the first appeal, the right to question that portion of the judgment has been waived. *Texas Power and Light Co. v. Cole*, 158 Tex. 495, 313 S.W.2d 524 (1958); *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616 (Tex.Civ.App.—Tyler 1979, no writ); Tex.R.Civ.P. 451.

Appellants Bledsoe, Barrows and McDaniel further contend the trial court erred in its order granting Ezer's motion to strike their intervention. These parties assert a pecuniary interest in the estate of George R. Canada. Bledsoe and Barrows claim an interest as beneficiaries of the estate of Winifred Adair Canada, which was to receive assets from the estate of George R. Canada. McDaniel's alleged interest in George R. Canada's estate is as an attorney, hired by Barrows and Bledsoe to represent them in matters relating to the estate of Mrs. Canada. As a fee he was conveyed a portion of Barrows' and Bledsoe's interest in Mrs. Canada's estate.

▮ We find the trial court failed to follow the proper procedures in this case for striking the intervention. The record herein shows that between the time the intervention was filed and the order striking the intervention was entered no evidence was heard determining if intervenors had an interest, nor were any special exceptions filed to the intervenors' pleadings. The procedure that should have been followed after the motion to strike intervention was filed would have been for the court to require the intervenors, in an in limine proceeding, to show proof of interest in the estate of George R. Canada. *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960);

**618**

*Chalmers v. Gumm*, 137 Tex. 467, 154 S.W.2d 640 (1941); *Hamilton v. Gregory*, 482 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). This proceeding would allow the trial court to determine if the parties had the requisite pecuniary interest to be a party to this suit. *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212 (1947). It is the public policy of Texas to prevent parties with no interest in a decedent's estate to intermeddle therein. *Womble v. Atkins, supra.* The in limine proceeding would serve as the fairest and most informative manner in determining the issue of interest as required by public policy.

The manner in which the trial court reached its decision striking the intervention resulted in a denial of the opportunity to present proof of interest. The effect of the order dismissing the intervention totally disposed of the issues relating to the intervenors' interest in the suit and dismissed the intervenors totally from the lawsuit. We find this action was fundamental error and therefore reversible error. *Texas Power and Light Co. v. Cole*, 148 Tex. 495, 313 S.W.2d 524 (1958); Tex.R.Civ.P. 454.

We affirm the severance order and reverse and remand for further proceedings not inconsistent with this opinion to determine the questions relating to the intervention of appellants McDaniel, Bledsoe and Barrows. Appellants' remaining points of error are overruled.