George and Adeline POPE, Appellants,

v.

Charles William STEPHENSON and Moore Transportation Company, Inc., Appellees.

No. 08–89–00127–CV.

Court of Appeals of Texas, El Paso.

July 5, 1989.

Rehearing Denied Aug. 2, 1989.

Frederick H. Shiver, Dallas, for appellants.

Scott P. Stolley, Thompson, Coe, Cousins & Irons, Dallas, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a take nothing judgment by the Plaintiffs below. We affirm.

Stephenson, while driving the company's tractor-trailer rig, was propelled into the median wall of a Dallas County highway after experiencing a trailer wheel spring disseverance. The daughter of the Appellants fatally collided with the rear of the rig that remained on the roadway in the dark, pre-dawn morning of September 22, 1983.

Appellants charged Stephenson with failure to take adequate safety precautions after stopping, such as placing flares or other warning devices behind the trailer. They cited the company for failure to properly supervise Stephenson in post-accident procedures.

The jury found that neither Stephenson nor the deceased was negligent. The jury found that the company was negligent in failing to properly supervise Stephenson in post-accident procedures, but that such negligence was not a proximate cause of the collision.

■ Point of Error No. One states the trial court erred by improperly restricting the scope of discovery of the results of the

post-accident investigation made by the Defendants below. There is nothing in the record to indicate what facts the denied reports encompassed. When the trial court denied discovery, no other action was taken. As predicted in *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984), it is impossible to determine whether the denial of the discovery was harmful. Mandamus was available for the Appellants to have timely pursued any wrongful denial of discovery by the trial court. *Morris v. Texas Employers Insurance Association*, 759 S.W.2d 14 (Tex.App.—Corpus Christi 1988). Point of Error No. One is overruled.

 The Texas Railroad Commission, pursuant to 16 Tex.Admin.Code sec. 5.171 (West Sept. 1, 1988), has adopted as law Section 392.22 of the Federal Motor Carrier Safety Regulations (49 CFR Parts 390–394). This law requires the operator of trucks, who stop on a highway or the shoulder of a highway (other than necessary traffic stops), to place visual warning devices to the rear and side of the vehicle. This must be done as soon as possible, "but with any event within 10 minutes." Points of Error Nos. Two and Three contend that, contrary to the jury finding, evidence established Stephenson, in failing to comply with this provision, was negligent per se. There was testimony that the truck's collision with the highway median caused Stephenson to be knocked unconscious. The length of time the tractor-trailer remained in the roadway was not resolved by any unequivocal evidence. A witness testified, that it remained there "at least five to ten minutes." Then, on cross-examination, he conceded this to be only an estimate. The witness was then impeached by a prior deposition in which he had stated that the truck remained there fifteen to twenty minutes, or more than ten minutes, at least. This inconsistent statement can only be considered for the purpose of impeachment, and not as substantive evidence of the truth of the matters stated. *Lewis v. Merrill*, 295 S.W.2d 920, 923 (Tex.Civ.App.—Waco 1956, writ ref'd n.r.e.). In failing to find Stephenson negligent on this ground, the jury, under the court's instruction, could have believed that the Plaintiffs failed to prove the rig remained in the highway for a period in excess of ten minutes prior to the collision, or that Stephenson's incapacity excused his compliance. We do not find the jury's finding to be against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986).

 Appellants argue that any incapacitation of Stephenson would not be an excuse for non-performance of a statutory requirement as the trial court's instruction allowed. The Appellants failed to object to the instruction and point out any error. *Southwestern Bell Telephone Company v. Ramsey*, 542 S.W.2d 466 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). It is contended that it is unnecessary to object to or request issues concerning matters established as a matter of law, but no objection was ever presented to the trial court at any time pursuant to Tex.R.App.P. 52(a). Any error is waived. Points of Error Nos. Two and Three are overruled. Point of Error No. Four is governed by the facts and reasoning covered under the rulings of Points of Error Nos. Two and Three, and is also overruled.

 Point of Error No. Five complains of the jury's failure to award damages. However, because the jury failed to find the Defendants liable, any error regarding damages would be harmless. *Temple v. Zimmer U.S.A. Inc.*, 678 S.W.2d 723 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Johnson v. Whitehurst*, 652 S.W.2d 441, 449 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Point of Error No. Five is overruled.

Judgment of the trial court is affirmed.