George and Adeline POPE, Petitioners,

v.

Charles William STEPHENSON and Moore Transportation Co. Inc., Respondents.

No. C-9058.

Supreme Court of Texas.

April 25, 1990.

Rehearing Overruled May 30, 1990.

Frederick H. Shiver, Dallas, for petitioners.

Scott Patrick Stolley, Dallas, for respondents.

PER CURIAM.

This case involves a trial court order protecting certain party communications from discovery under the "investigative" privilege of Tex.R.Civ.P. 166b(3)(d). The court of appeals decided that there was nothing in the record to indicate what facts

the denied reports encompassed, and thus no basis existed from which to conclude that there was harmful error as required under Tex.R.App.P. 81(b)(1). 774 S.W.2d 743. We find no error in that decision.

■ We disapprove, however, of the apparent suggestion in the appellate court's opinion that mandamus is the "timely" remedy for any wrongful denial of discovery. 774 S.W.2d at 745. The decision not to pursue the extraordinary remedy of mandamus does not prejudice or waive a party's right to complain on appeal.[1] In most cases, the contents of the documents which have been protected must be available in order to determine whether the error has "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment...." Tex.R.App.P. 81(b)(1). The burden is on the complaining party to see that a sufficient record is presented to show error requiring reversal. Tex.R. App.P. 50(d). Therefore, if documents have been submitted for *in camera* inspection, the complaining party must request that the exhibits be carried forward under seal so that the appellate court can evaluate this information. Accordingly, the application for writ of error is denied.

1. We also disapprove of similar language in *Caudillo v. Chiuminatto,* 741 S.W.2d 545, 546 (Tex.App.—Corpus Christi 1987, no writ), which states that mandamus is the "only remedy" available to a party who has been denied discovery of properly discoverable information.