

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00062-CV

_____


### CAMMACK THE COOK, L.L.C., JASON CAMMACK, LAUREN CAMMACK, AND MILTON CAMMACK, Appellants

### V.

### MARTA BEYEN EASTBURN, Appellee


On Appeal from the County Court at Law #2
Gregg County, Texas
Trial Court No. 2007-2609-CCL2


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Cammack the Cook, L.L.C., Jason Cammack, Lauren Cammack, and Milton Cammack (hereafter Cammack) appeal from the grant of a summary judgment against them in their battle against Marta Beyen Eastburn, who had leased part of a building to them for purposes of installing a restaurant. A substantial part of this case was disposed of in a prior summary judgment, which had not addressed counterclaims raised by Cammack. This appeal involves the disposition of Cammack's counterclaims against Eastburn.

Briefly, Cammack leased the premises under a written contract. They did substantial remodeling, and as required by the city to serve the business, buried a grease trap. After investing approximately $70,000.00 into the restaurant modifications, several months before the end of the two-year lease, Cammack began failing to pay the lease on time—paying late and only after being reminded by Eastburn. Eastburn did so for several months, then accelerated the rent, but doubled the deposit in what is described as an effort to encourage timely payment. Thereafter, Cammack continued delinquency in payment of rent. Eastburn then accelerated and terminated the lease. Eastburn sued based on the breach, including a breach of the holdover provision and to remove improvements and return the premises to its previous condition. Pleadings were filed by Cammack complaining that Eastburn had not allowed the required time to remove, that the addition of the grease trap was an improvement that increased the value of the property, that they

2

had no duty under the lease to remove improvements, and that damages were not adequately proven by Eastburn.

Eastburn obtained a summary judgment that, although the order stated it was final and awarded almost $60,000.00 in damages and attorney's fees to her, was not final. Our opinion stated that counterclaims raised by Cammack (in pleadings filed after the motion for summary judgment was filed) had not been addressed, and we therefore remanded for further proceedings.

After remand, Eastburn filed a motion for summary judgment, after which Cammack again filed a document designated as an amended answer, and a document amending their counterclaims and adding new material. Eastburn filed an objection, based upon a litigation control order predating the first appeal—which ordered all amended pleadings to be filed no later than January 9, 2009. The trial court conducted a hearing, and granted the objection, and struck the amended pleadings. As a result, the only matters remaining are those contained in the prior petition raising those counterclaims, as brought forward and addressed by the motion for summary judgment. The newest summary judgment is a take-nothing judgment in Eastburn's favor against the counterclaims raised by Cammack. It makes no monetary award.

We also note that our review is constrained by the nature of the issues raised in Cammack's brief. Some of their issues seek to revisit the original appeal and our opinion thereon, while others seek review on the ruling on Cammack's counterclaims—and yet others have no apparent

connection with matters presented to the trial court. There are no issues complaining that this no-evidence summary judgment is improper on an evidentiary basis.

Cammack argues Eastburn obtained a double recovery for the improvements made to the property—one from this lawsuit, and the other because Eastburn attempted to sell the property with the "improvements" in place. Thus, they reason, Eastburn recovered twice, once to remove the improvements and once to sell them. This argument was not made before the first summary judgment, which disposed of the recovery under the lease agreement. Further, there is no evidence to show that Eastburn actually recovered twice. Seeking to sell property in its altered condition is not itself a double recovery, and there is nothing to show that any sale of the property for an increased amount because of the alterations occurred.[1]

This is instead an attempt to relitigate matters decided in the prior summary judgment. The aspect of this case involving Eastburn's damage recovery under the contract has been decided and is complete under the "law of the case" doctrine.

Cammack attempts to circumvent this doctrine, arguing that we should revisit various portions of our prior opinion. They contend that the "law of the case" doctrine should be set aside in this instance. There are some limited circumstances in which that may indeed occur, though it

---

[1]Although counsel cites cases to support his contention that Eastburn was entitled only to one recovery, those cases are in the context of multiple recoveries sought in a lawsuit and the doctrine of election. Although a sale with proof that the value of the property was either undiminished or increased by the improvements would have impacted Eastburn's ability to prove damages, the election or single recovery doctrine does not apply in this context. *Cf. Lundy v. Masson*, 260 S.W.3d 482, 505–06 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

is an exceedingly rare event.[2]  The "law of the case" doctrine has been defined by the Texas Supreme Court as "that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages."  *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986).[3]  By narrowing the issues in successive stages of the litigation, the law of the case doctrine attempts to achieve uniformity of decision as well as judicial economy and efficiency.  *Dessommes v. Dessommes*, 543 S.W.2d 165, 169 (Tex. Civ. App.—Texarkana 1976, writ ref'd n.r.e.).

One such occasion allowing reconsideration may occur when a partial summary judgment is followed by a trial on the merits.  *Hudson*, 711 S.W.2d at 631.  Furthermore, the doctrine does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved in the first trial.  *Pitman v. Lightfoot*, 937 S.W.2d 496, 512–13 (Tex. App.—San Antonio 1996, writ denied).

---

[2]The Texas Supreme Court has addressed these unusual situations as follows:

> Rarely has this Court ever consented to re-examine, on the second appeal of a case, its holding on the first appeal of the same case, but its authority to do so and to enter judgment in conformity with its decision upon re-examination, even though such judgment overrules the prior judgment, cannot be questioned.  For reasons which will appear in this opinion we have concluded that this is a proper case for the exercise of that authority.   The whole case is before us with no change of parties. It would be unthinkable for this Court, after having granted the writ, reconsidered the case, and arrived at the conclusion that the opinion on the former appeal was clearly erroneous, to hold that it is bound by considerations of consistency to perpetuate that error.   Our duty to administer justice under the law, as we conceive it, outweighs our duty to be consistent.

*Connecticut Gen. Life Ins. Co. v. Bryson*, 219 S.W.2d 799, 800 (Tex. 1949) (citations omitted).

[3]The doctrine is based on public policy and is aimed at putting an end to litigation.  *See Barrows v. Ezer*, 624 S.W.2d 613, 617 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ); *Elliott v. Moffett*, 165 S.W.2d 911 (Tex. Civ. App.—Texarkana 1942, writ ref'd w.o.m.).

This case does not present either occurrence. The issues were presented before the initial appeal, but not addressed. The trial court did not permit the issues to be amended; thus, the same parties remain in the same position as they were before. Finally, counsel has directed us to no summary judgment evidence demonstrating that the facts are not now substantially as they were during the first trial, and has presented no argument that would convince this Court that it committed legal error worthy of altering our position in the prior case.[4]

Cammack also argues that the trial court could not have enforced the litigation control order against their attempted repleading, as the order also set a deadline for dispositive motions, which had passed before Eastburn's latest motion for summary judgment was filed. Where it is apparent from a trial judge's actions that he has allowed the filing of, and has considered, a pleading in spite of an order or rule setting time limits on its filing, courts uniformly imply that he has granted permission for its filing. *See generally Twenty-Nine (29) Gambling Devices v. State*, 110 S.W.3d 146, 151 (Tex. App.—Amarillo 2003, no pet.); *Johnson v. Fuselier*, 83 S.W.3d 892, 895 (Tex. App.—Texarkana 2002, no pet.); *K-Six Television*, *Inc. v. Santiago*, 75 S.W.3d 91, 96 (Tex. App.—San Antonio 2002, no pet.); *Neimes v. Ta*, 985 S.W.2d 132, 140 (Tex. App.—San Antonio 1998, pet. dism'd).

In this case, the trial judge clearly permitted filing of the motion for summary judgment—he ruled on it, and also explicitly denied Cammack's motion to strike Eastburn's

---

[4]We also note that Cammack filed a petition with the Texas Supreme Court seeking review of that opinion and that it was denied.

motion for summary judgment. However, the trial judge also refused to permit the late filing of additional or amended counterclaims—by striking Cammack's late-filed pleadings. Cammack has provided no authority to show this Court how such a decision is either error or outside the discretion of the trial court. Error has not been shown.

Finally, Cammack asks this Court to find Eastburn's lawsuit frivolous and to assess costs and attorney's fees against her. In their one paragraph argument, they do not ask us to review a trial court ruling on this matter, but to find that no good-faith argument allowing the lease claims raised by Eastburn exists, and to impose appropriate sanctions against her. As we have declined to reconsider our prior opinion, and have found no error in the judgment in Eastburn's favor in the instant case, there is no basis for sanctions or to conclude that the lawsuit was frivolous. The contention of error is overruled.

We affirm the judgment of the trial court.


                                        Jack Carter
                                        Justice

Date Submitted:     January 31, 2012
Date Decided:       March 6, 2012


7