# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00156-CV

### In re Chubb Lloyd's Insurance Company of Texas

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O R D E R

PER CURIAM

Relator Chubb Lloyd's Insurance Company of Texas has filed a petition for writ of mandamus and emergency motion for temporary stay. *See* Tex. R. App. P. 52.1, 52.10(a). We grant the motion for temporary stay, and temporarily stay the trial court's order on plaintiffs' motion to compel dated March 4, 2019, pending further order of this Court. *See id*. 52.10(b).

Relator has also filed an emergency motion to seal and submitted purportedly privileged documents *in camera* to this Court. Relator requests that these *in camera* documents, designated as MR 301-677 in an entry in the sworn mandamus record and purportedly tendered to the Respondent for review *in camera*, be filed under seal in this Court. However, Relator has neither provided this Court with a copy of an order signed by the trial court sealing the documents nor specified the authority by which this Court may seal the documents. *See Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex. 1990) ("[I]f documents have been submitted [to the trial court] for *in camera* inspection, the complaining party must request that the exhibits be

carried forward under seal so that the appellate court can evaluate this information."). Although Texas Rule of Civil Procedure 76a governs the sealing of court records, one of the exceptions to the definition of "court records" in the rule is for "all documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents." Tex. R. Civ. P. 76a(2); *see also id.* R. 76a(9) ("Access to documents in court files not defined as court records by this rule remains governed by existing law."). Accordingly, we are maintaining the documents *in camera* but cannot seal them absent a trial court order sealing the documents.

We are also unable to determine whether the documents that we are maintaining *in camera* are the same documents that the trial court reviewed *in camera*. *See Humphreys v. Caldwell*, 881 S.W.2d 940, 944 (Tex. App.—Corpus Christi 1994, orig. proceeding) ("Because [real party in interest] has no means to verify that the documents tendered to this Court are in fact the same ones tendered to the trial court, we are unwilling to accept [relator's] representations to that effect, at least not without some indication that [relator] has attempted unsuccessfully to have the documents properly sent to this Court certified by and under seal of the trial court."). Relator has twenty days from the date of this order to provide an order from the trial court confirming that the documents submitted *in camera* to this Court are the same documents that the trial court reviewed.

It is ordered on March 13, 2019.


Before Chief Justice Rose, Justices Goodwin and Baker