**Opinion issued August 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00813-CV

———————————

## MICHAEL FALLON, M.D., Appellant

## V.

## MD ANDERSON PHYSICIANS NETWORK AND MICHAEL W. BROWN, AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF MD ANDERSON PHYSICIANS NETWORK, Appellees

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2017-36113

## MEMORANDUM OPINION

Appellant, Michael Fallon, M.D., challenges the trial court's sealing orders in

Fallon's suit against appellees, MD Anderson Physicians Network and Michael W.

Brown, as President and Chief Executive Officer of MD Anderson Physicians

Network (collectively, the "Physicians Network"), for a writ of mandamus and a declaratory judgment.[1] In five issues, Fallon contends that the trial court erred in ordering that certain summary-judgment exhibits be filed "in camera [and] under seal" and be "permanently sealed" and in denying him access to such exhibits. (Internal quotations omitted.)

We affirm.

## Background

In his first amended petition, Fallon alleges that he is an individual residing in New York and the Physicians Network is a "governmental body" of the State of Texas. Fallon also alleges that the Physicians Network is a subsidiary of The University of Texas MD Anderson Cancer Center (the "Cancer Center") and the Physicians Network maintains communications with the Cancer Center.

Previously, Fallon, pursuant to the Texas Public Information Act ("PIA"),[2] served the Cancer Center with a public information request, seeking nine categories of information, including certain "electronic communications." It is undisputed that the Cancer Center is a "governmental body" under the PIA.[3] Although the Cancer

---

[1]     *See* TEX. GOV'T CODE ANN. § 552.321 ("Suit for Writ of Mandamus"); TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 ("Uniform Declaratory Judgments Act" (the "DJA")).

[2]     *See* TEX. GOV'T CODE ANN. §§ 552.001–.353.

[3]     *See id.* § 552.003(1).

2

Center produced some information responsive to Fallon's request, it also informed him that "certain electronic communications from September 2013 to [the] present . . . were maintained by a . . . non-governmental body," i.e., the Physicians Network.

On July 11, 2016, Fallon, pursuant to the PIA, served the Physicians Network with a public information request, seeking eleven categories of information. After Fallon clarified his public information request, the Physicians Network sought an opinion from the Attorney General as to whether it constituted a "governmental body" under the PIA, whether it was subject to the PIA's disclosure requirements, and whether certain exceptions to disclosure applied.[4] The Attorney General issued an open records letter ruling, concluding that the Physicians Network is not a "governmental body" and not subject to the PIA or its disclosure requirements.[5] (Internal quotations omitted.)

However, because Fallon believes that the Physicians Network is a "governmental body" that is subject to the PIA and that the information that he seeks in response to his public information request constitutes "public information," Fallon

---

[4] *See id.* §§ 552.301–.309 ("Attorney General Decisions").

[5] *See* Tex. Att'y Gen. OR2016-22964.

seeks a writ of mandamus to compel the Physicians Network to produce the information responsive to his request.[6] Fallon also seeks certain declarations.[7]

The Physicians Network answered, generally denying Fallon's allegations and asserting certain affirmative defenses.

Fallon then filed a combined no-evidence and matter-of-law summary-judgment motion, arguing, inter alia, that the Physicians Network is a "governmental body" under the PIA that is subject to the PIA's disclosure requirements. Fallon attached exhibits to his motion.

The Physicians Network filed a response and a cross-motion for a matter-of-law summary judgment, asserting, inter alia, that it did not constitute a "governmental body" under the PIA as a matter of law. The Physicians Network attached exhibits to its response and cross-motion.

In connection with its response and cross-motion for summary judgment, the Physicians Network filed a Motion to File Summary Judgment Exhibits In Camera, pursuant to the PIA, asserting that four of its summary-judgment exhibits contained confidential and proprietary information that belongs to the Physicians Network and requesting that it be permitted to file its exhibits in camera with the trial court.[8] The

---

[6]     *See* TEX. GOV'T CODE ANN. § 552.321 ("Suit for Writ of Mandamus").

[7]     *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011.

[8]     *See* TEX. GOV'T CODE ANN. § 552.3221 ("In Camera Inspection of Information").

4

four exhibits that the Physicians Network sought to have reviewed in camera by the trial court in connection with the parties' summary-judgment proceedings are: (1) an unredacted copy of the Physicians Network's Attorney General request, (2) an unredacted copy of the Physicians Network's reply brief submitted to the Attorney General, (3) the bylaws of the Physicians Network's Quality Management Committee and Credentialing Committee, and (4) the affidavit of Kimberly Bergen, the Physicians Network's Vice President and Chief Financial Officer.

In response to the Physicians Network's motion to file its four summary-judgment exhibits in camera, Fallon argued that in camera review of the exhibits was not warranted because the exhibits did not meet the requirements for information to be filed in such a manner under the PIA.[9]

In its reply, the Physicians Network asserted that the trial court had not yet made the determination of whether the Physicians Network constituted a "governmental body," the Physicians Network was permitted to protect their confidential and proprietary information in accordance with the PIA, and the four summary-judgment exhibits were previously submitted to the Attorney General, in accordance with Texas Government Code section 552.301, and thus, were entitled to protection from disclosure.

---

[9] *See id.* § 552.3221(a) ("In any suit filed under [the PIA], the information at issue may be filed with the court for in camera inspection as is necessary for the adjudication of the case."), (e) (defining "information at issue").

On October 10, 2017, the trial court granted the Physicians Network's motion to file the four summary-judgment exhibits in camera pursuant to the PIA.[10] On October 31, 2017, the trial court then granted the Physicians Network's cross-motion for summary judgment and denied Fallon's summary-judgment motion, ruling that the Physicians Network is not a "governmental body" under the PIA.

In an earlier filed, but related, appeal to this Court ("Fallon's summary-judgment appeal"), Fallon challenged the trial court's rendition of summary judgment in favor of the Physicians Network and the denial of his summary-judgment motion. *See Fallon v. MD Anderson Physicians Network*, No. 01-17-00882-CV, slip. op. at 1–2, 10 (Tex. App.—Houston [1st Dist.] Aug. 27, 2019, no pet. h.). In connection with Fallon's summary-judgment appeal, the Physicians Network filed a motion with this Court, which Fallon opposed, for leave to file its four summary-judgments exhibits that it had previously filed with the trial court in camera because the exhibits had not been included by the Harris County district clerk as part of clerk's record on appeal.[11] The Physicians Network attached to its motion the four summary-judgment exhibits that it wished to have filed in camera with this Court so that we would have a complete appellate record in Fallon's

---

[10]     *See id.* § 552.3221.

[11]     *See* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and, if necessary to appeal, reporter's record), 34.5(a) (listing items to be included in clerk's record).

6

summary-judgment appeal. We, however, denied the Physicians Network's motion for leave, explaining that "hand-delivering to the appellate court a copy of the purported in-camera [exhibits] is not a viable way to add them to the [appellate] record." We further clarified that "[i]f a relevant [exhibit was] omitted from the clerk's record [then] . . . any party may . . . direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted [exhibit]," and "if a[n] [exhibit] that [was] designated for inclusion in the clerk's record [was] lost or destroyed . . . the trial court [must] . . . determin[e] what constitutes an accurate copy of the missing [exhibit] and order it to be included in the clerk's record or a supplement."[12]   (Fourth alternation in original) (Internal quotations omitted.)

After we denied the Physicians Network's motion for leave, the Physicians Network filed, in the trial court, a Motion to Determine that Copies of Lost or Destroyed In Camera Exhibits are Accurate, requesting that the trial court, pursuant to Texas Rule of Appellate Procedure 34.5(e), find that the four summary-judgment exhibits submitted to the trial court in camera were accurate copies of the four summary-judgment exhibits that were previously submitted in camera and considered by the trial court in connection with the parties' summary-judgment proceedings.[13]   Further, the Physicians Network filed a Motion to Permanently Seal

---

[12]     *See* TEX. R. APP. P. 34.5(c)(1), (3), (e).

[13]     *See* TEX. R. APP. P. 34.5(e).

In Camera Summary Judgment Exhibits to ensure that the four summary-judgment exhibits submitted to the trial court in camera were sealed so that they could be forwarded to this Court for consideration in connection with Fallon's summary-judgment appeal. The Physicians Network noted that its request was in accordance with the trial court's October 10, 2017 order, which had granted the Physicians Network's motion to file its four summary-judgment exhibits in camera pursuant to the PIA.[14] Fallon opposed both of the Physicians Network's motions.

On August 21, 2018, the trial court granted the Physicians Network's Motion to Determine that Copies of Lost or Destroyed In Camera Exhibits are Accurate, finding that the four summary-judgment exhibits submitted by the Physicians Network along with its motion constituted accurate copies of the four summary-judgment exhibits that had been previously filed in camera in connection with the parties' summary-judgment proceedings.[15] That same day, the trial court also granted the Physicians Network's Motion to Permanently Seal In Camera Summary Judgment Exhibits, ordering that the four summary-judgment exhibits be filed "in camera and under seal" and that the exhibits be "permanently sealed." On November 19, 2018, the trial court ordered the Harris County district clerk to send the four summary-judgment exhibits to our Court "in camera and under seal" as part

---

[14] *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c).

[15] *See* TEX. R. APP. P. 34.5(e).

8

of a supplemental clerk's record so that the exhibits could be reviewed by this Court in connection with Fallon's summary-judgment appeal.[16]

## Standard of Review

We review the trial court's sealing order and its decision to review documents in camera for an abuse of discretion. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998); *In re Strategic Impact Corp.*, 214 S.W.3d 484, 488 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding [mand. denied]); *Wood v. James R. Moriarty, P.C.*, 940 S.W.2d 359, 361 (Tex. App.—Dallas 1997, no writ). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 858 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

When we review matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Wood*, 940 S.W.2d at 361. Even if we would decide the issue differently, we may not disturb the trial court's decision unless it is arbitrary and unreasonable. *Wood*, 940 S.W.2d at 361; *see also Gray*, 189 S.W.3d at 858 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court does not abuse its

---

[16]  *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c); *see also* TEX. R. APP. P. 34.5(c), (e).

9

discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance.").

## Summary-Judgment Exhibits

In his first, second, third, and fourth issues, Fallon argues that the trial court erred in ordering that the Physicians Network's four summary-judgment exhibits be filed "in camera [and] under seal" and that such exhibits be "permanently sealed" because the Physicians Network did not provide evidence to support its request to seal the four summary-judgment exhibits as required by Texas Rule of Civil Procedure 76a; Fallon, as a party to the litigation, cannot be prohibited from accessing the four summary-judgment exhibits under Texas Rule of Civil Procedure 76a; the four summary-judgment exhibits do not constitute information that is permitted to be viewed in camera by the trial court under the PIA; and the PIA cannot serve as a basis for sealing the four summary-judgment exhibits. (Internal quotations omitted.) *See* TEX. GOV'T CODE ANN. § 552.3221 (PIA provision permitting in camera submission to trial court and in camera submission and transmission to appellate court); TEX. R. CIV. P. 76a ("Sealing of Court Records"). In his fifth issue, Fallon asserts that the four summary-judgment exhibits that were permitted to be filed in camera with the trial court constitute improper ex parte communications.

In the trial court below, Fallon filed suit seeking a writ of mandamus to compel the Physicians Network to produce information responsive to his public

information request and a declaratory judgment. After the Physicians Network answered, Fallon filed a combined no-evidence and matter-of-law summary-judgment motion. The Physicians Network then filed a response and a cross-motion for a matter-of-law summary judgment. The Physicians Network attached exhibits to its response and cross-motion. The Physicians Network also filed a Motion to File Summary Judgment Exhibits In Camera, requesting that it be permitted to file four of its summary-judgment exhibits in camera with the trial court pursuant to the PIA. *See* TEX. GOV'T CODE ANN. § 552.3221. Specifically, the Physicians Network requested, pursuant to the PIA, that it be allowed to file its four summary-judgment exhibits in camera for the trial court to consider in connection with the parties' summary-judgment proceedings and that the trial court prevent the release of or access to the four summary-judgment exhibits by any person other than the trial court or a reviewing appellate court. *See id.* § 552.3221(a)–(c).

Although Fallon opposed the Physicians Network's Motion to File Summary Judgment Exhibits In Camera, the trial court, on October 10, 2017, granted the Physicians Network's motion in its entirety, permitting the Physicians Network to file its four summary-judgment exhibits in camera for the trial court to review in connection with the parties' summary-judgment proceedings and preventing the release of or access to the four summary-judgment exhibits by any person other than the trial court or a reviewing appellate court. *See id.*

11

Subsequently, on October 31, 2017, the trial court signed its final judgment, granting the Physicians Network's cross-motion for summary judgment and denying Fallon's summary-judgment motion. Fallon then filed his notice of appeal, seeking to appeal the trial court's October 31, 2017 final judgment. Fallon did not indicate in his notice of appeal that he also sought to appeal the trial court's October 10, 2017 order pertaining to the summary-judgment exhibits that had been filed in camera. *See* TEX. R. APP. P. 25.1(a), (d) (notice of appeal must "state the date of the judgment or order appealed from"), 26.1 (notice of appeal must be filed within thirty days of judgment); *see also Izen v. Ryals, Trustee of E. Tex. Invs. Trust*, No. 14-17-00431-CV, 2019 WL 1716253, at *14 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, no pet.) (appellant did not preserve any available appeal from trial court's order where appellant did not state in his notice of appeal that he was appealing from such order); *Parrish v. Rutherford*, 159 S.W.3d 114, 117 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (where appellants' notice of appeal did not specify they were appealing order awarding attorney's fees, issue not preserved).

Further, in his summary-judgment appeal, Fallon, in five issues, asserted that the trial court erred in granting the Physicians Network summary judgment and denying him summary judgment. *See Fallon*, slip op. at 1, 10. Notably, Fallon did not raise any issues, make any argument, or request any relief regarding whether the trial court properly granted the Physicians Network's Motion to File Summary

12

Judgment Exhibits In Camera.[17]  *See* slip op. at 1–46; *see also* TEX. R. APP. P. 38.1(f), (i), (j); *see also Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) (failure to provide substantive analysis of issue or cite appropriate authority waives complaint on appeal); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  In other words, Fallon did not appeal the trial court's October 10, 2017 order, which permitted the four summary-judgment exhibits to be filed in camera for the trial court to review and prevented the release of or access to the four exhibits by any person other than the trial court or a reviewing appellate court pursuant to the PIA.

In connection with Fallon's summary-judgment appeal, the Physicians Network did, however, seek to have its four summary-judgment exhibits, which the trial court had ordered to be filed in camera and to not be released to or accessed by any person other than the trial court or a reviewing appellate court, filed in this Court. *See* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and, if necessary

---

[17]  To the extent that Fallon, in his reply brief filed in his summary-judgment appeal, appears to assert that the trial court improperly reviewed the Physicians Network's four summary-judgment exhibits in camera pursuant to the PIA, the Texas Rules of Appellate Procedure do not allow the inclusion of a new issue in a reply brief that was not raised in an appellant's original brief.  *See* TEX. R. APP. P. 38.3; *M Scott Constr., Ltd. v. Mireles*, No. 14-15-00701-CV, 2016 WL 6990046, at *8 (Tex. App.—Houston [14th Dist.] Nov. 29, 2016, no pet.) (mem. op.); *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

13

to appeal, reporter's record), 34.5(a) (listing items to be included in clerk's record); *see also Tavira v. Tex. Dep't of Criminal Justice*, No. 07-14-00046-CV, 2014 WL 1674080, at *1 (Tex. App.—Amarillo Apr. 23, 2014, order) ("An appellate court may generally not consider matters outside the appellate record."). To achieve this, we informed the Physicians Network that "[i]f a relevant [exhibit was] omitted from the clerk's record [then] . . . any party may . . . direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted [exhibit]." (Fourth alteration in original) (Internal quotations omitted.) *See* TEX. R. APP. P. 34.5(c)(1), (3). Further, we explained that if the exhibit that was omitted from the clerk's record was "lost or destroyed," the trial court must determine "what constitutes an accurate copy of the missing [exhibit] and order it to be included in the clerk's record or a supplement." (Internal quotations omitted.) *See* TEX. R. APP. P. 34.5(e).

In accordance with this Court's order, the Physicians Network then filed in the trial court, a Motion to Determine that Copies of Lost or Destroyed In Camera Exhibits are Accurate, requesting that the trial court, pursuant to Texas Rule of Appellate Procedure 34.5(e), find that the four summary-judgment exhibits submitted to the trial court in camera were accurate copies of the four exhibits that were previously submitted and considered by the trial court in connection with the parties' summary-judgment proceedings. *See id.* The Physicians Network also filed

14

a Motion to Permanently Seal In Camera Summary Judgment Exhibits to ensure that the four summary-judgment exhibits submitted to the trial court in camera were sealed so that they could be forwarded to this Court for consideration in connection with Fallon's summary-judgment appeal. The Physicians Network noted that its request was in accordance with the trial court's October 10, 2017 order which had granted the Physicians Network's motion to file its four summary-judgment exhibits in camera and prevented the release of or access to the exhibits by any person other than the trial court or a reviewing appellate court pursuant to the PIA. *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c).

In its first August 21, 2018 order, the trial court granted the Physicians Network's Motion to Determine that Copies of Lost or Destroyed In Camera Exhibits are Accurate, finding that the four summary-judgment exhibits submitted by the Physicians Network along with its motion constituted accurate copies of the four summary-judgment exhibits that had been previously filed in camera in connection with the parties' summary-judgment proceedings.[18] *See* TEX. R. APP. P. 34.5(e). In its second August 21, 2018 order, the trial court granted the Physicians Network's Motion to Permanently Seal In Camera Summary Judgment Exhibits, ordering that the four summary-judgment exhibits be filed "in camera and under seal" and "permanently sealed." *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c). On

---

[18] Fallon does not challenge on appeal this order of the trial court.

November 19, 2018, the trial court ordered the Harris County district clerk to send the four summary-judgment exhibits to our Court "in camera and under seal" as part of a supplemental clerk's record so that the exhibits could be reviewed by this Court in connection with Fallon's summary-judgment appeal. *See id.*; TEX. R. APP. P. 34.5(c), (e); *see also Vackar v. Mem'l Bank*, No. 01-00-01033-CV, 2002 WL 1303424, at *1 (Tex. App.—Houston [1st Dist.] June 13, 2002, no pet.) (not designated for publication) (trial court has authority to determine, on party's motion, whether items identified in motion constitute accurate copies of items missing from clerk's record and to order such items be included in supplemental clerk's record).

The PIA permits certain information or documents to be filed with a court for in camera inspection. Specifically, Texas Government Code section 552.3221 states: "In any suit filed under [the PIA], the information at issue may be filed with the court for in camera inspection as is necessary for the adjudication of the case." TEX. GOV'T CODE ANN. § 552.3221(a); *see also Paxton v. City of Dallas*, No. 06-18-00095-CV, 2019 WL 2119644, at *4 (Tex. App.—Texarkana May 15, 2019, pet. filed) (mem. op.). Further, upon receipt of such information for in camera inspection, "the court shall enter an order *that prevents [the] release to or access by any person other than the court, a reviewing court of appeals*, or parties permitted to inspect the information pursuant to a protective order." *See* TEX. GOV'T CODE

16

ANN. § 552.3221(b) (emphasis added). Still yet, the information that is filed with the court for in camera inspection shall be:

(1) appended to the order and transmitted by the court to the clerk for filing as "information at issue";

(2) *maintained in a sealed envelope or in a manner that precludes disclosure of the information*; and

(3) *transmitted by the clerk to any court of appeal as part of the clerk's record*.

*See id.* § 552.3221(c) (emphasis added); *see also Paxton*, 2019 WL 2119644, at *4 & n.5 (information previously filed in camera in trial court pursuant to the PIA, subsequently filed under seal in appellate court).

In its October 10, 2017 order, the trial court permitted the Physicians Network to file its four summary-judgment exhibits in camera for the trial court to review in connection with the parties' summary-judgment proceedings and it prevented the release of or access to the four summary-judgment exhibits by any person other than the trial court or a reviewing appellate court. The trial court issued its order pursuant to the PIA. *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c). As previously noted, Fallon did not challenge the trial court's October 10, 2017 order in his summary-judgment appeal. *See Fallon*, slip. op. at 1–46. A party that fails to challenge an order in his initial appeal waives the right to challenge that order in a subsequent appeal. *See Wight Realty Interests, Ltd. v. City of Friendswood*, 433 S.W.3d 26, 35 n.9 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Women's*

17

*Clinic of S. Tex. v. Alonzo*, No. 13-12-00537-CV, 2013 WL 2948413, at *2 (Tex. App.—Corpus Christi–Edinburg June 13, 2013, pet. denied) (mem. op.) ("Where error exists at the time of an initial appeal, an appellant waives [his] right to complain in a subsequent appeal of the error [that he] failed to present in the initial appeal."); *Harris Cty. v. Walsweer*, 930 S.W.2d 659, 666 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (by failing to assign error in first appeal, appellant waived opportunity to appeal issue). This is because allowing appeals from the same case in a "piecemeal fashion" "would be in clear violation of the dictates of public policy striving to prevent useless, repetitive, and multifarious litigation and appeals." *Barrows v. Ezer*, 624 S.W.2d 613, 617 (Tex. App.—Houston [14th Dist.] 1981, no writ). Thus, in the interest of public and judicial economy, all issues should be brought on appeal at the very first opportunity. *Barrows*, 624 S.W.2d at 617.

In his third and fourth issues in the instant appeal, Fallon asserts that the PIA, specifically Texas Government Code section 552.3221, "cannot serve as a basis" for sealing the Physicians Network's four summary-judgment exhibits and the exhibits "do not meet the requirements for protection" under section 552.3221 or are "not within the scope" of section 552.3221. In his fifth issue, Fallon asserts that the four summary-judgment exhibits that were submitted to the trial court for consideration in connection with the parties' summary-judgment proceedings constituted "improper ex parte communications." These issues were decided by the trial court

18

on October 10, 2017 when the court granted the Physicians Network's Motion to File Summary Judgment Exhibits In Camera, permitted the Physicians Network's four summary-judgment exhibits to be filed in camera for the trial court to review in connection with the parties' summary-judgment proceedings, and prevented the release of or access to the four summary-judgment exhibits by any person other than the trial court or a reviewing appellate court. *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c). More importantly, these issues should have been raised by Fallon in his summary-judgment appeal as a challenge to the trial court's October 10, 2017 order. However, because Fallon did not seek appellate review of the trial court's October 10, 2017 in his summary-judgment appeal, he may not attempt to raise the aforementioned issues in this subsequent appeal. *See Wight Realty Interests*, 433 S.W.3d at 35 n.9; *Women's Clinic of S. Tex.*, 2013 WL 2948413, at *2; *Walsweer*, 930 S.W.2d at 666; *Barrows*, 624 S.W.2d at 617. Accordingly, we hold that Fallon has waived his third, fourth, and fifth issues.

We note that Fallon asserts that he has not waived his third, fourth, and fifth issues because he is not challenging the trial court's October 10, 2017 order in the instant appeal, rather he is challenging the trial court's August 21, 2018 order that granted the Physicians Network's Motion to Permanently Seal In Camera Summary Judgment Exhibits and ordered the four summary-judgment exhibits be filed "in camera and under seal" and be "permanently sealed." And he is challenging the trial

19

court's November 19, 2018 order which instructed the Harris County district clerk to send the four summary-judgment exhibits to our Court "in camera and under seal" as part of a supplemental clerk's record so that the exhibits could be reviewed by this Court in connection with Fallon's summary-judgment appeal.

In Texas, when exhibits are submitted to the trial court in camera, a party must request that the exhibits be carried forward under seal so that an appellate court can review the exhibits and evaluate the issues presented on appeal. *See Pope v. Stephenson*, 787 S.W.2d 953, 953 (Tex. 1990); *In re Trujillo*, No. 08-13-00185-CV, 2015 WL 799439, at *1 (Tex. App.—El Paso Feb. 25, 2015, orig. proceeding) (mem. op.); *Lesher v. Coyel*, 435 S.W.3d 423, 431–32 (Tex. App.—Dallas 2014, pet. denied); *Humphreys v. Caldwell*, 881 S.W.2d 940, 944–45 (Tex. App.—Corpus Christi–Edinburg 1994, orig. proceeding); *see also Dominguez v. Gilbert*, 48 S.W.3d 789, 794–95 (Tex. App.—Austin 2001, no pet.) (in context of PIA, where trial court reviews information in camera, party who submitted information to trial court in camera, has burden to ensure appellate court is able to review such information on appeal). This is because the contents of the exhibits which have been protected must be made available to the appellate court in order for it to determine whether error has occurred. *See Pope*, 787 S.W.2d at 953. Simply put, without a record containing the in camera exhibits, we have nothing to review. *See Lesher*, 435 S.W.3d at 431–

20

32; *see also Tavira*, 2014 WL 1674080, at \*1 ("An appellate court may generally not consider matters outside the appellate record.").

Here, after we denied the Physicians Network's motion for leave, preventing the Physicians Network from filing its four summary-judgment exhibits directly with this Court, the Physicians Network filed, in the trial court, its Motion to Permanently Seal In Camera Summary Judgment Exhibits in order to ensure that its four summary-judgment exhibits could be transmitted to this Court for review in connection with Fallon's summary-judgment appeal. *See Pope*, 787 S.W.2d at 953; *In re Trujillo*, 2015 WL 799439, at \*1; *Lesher*, 435 S.W.3d at 431–32; *Humphreys*, 881 S.W.2d at 944–45. The trial court then granted the Physicians Network's motion and entered its August 21, 2018 and November 19, 2018 orders, ruling that the four summary-judgment exhibits be filed "in camera and under seal" and be "permanently sealed" and requesting that the Harris County district clerk send the four summary-judgment exhibits to our Court "in camera and under seal" as part of a supplemental clerk's record. *See Pope*, 787 S.W.2d at 953; *In re Trujillo*, 2015 WL 799439, at \*1; *Lesher*, 435 S.W.3d at 431–32; *Humphreys*, 881 S.W.2d at 944–45.

Importantly, the trial court has a responsibility to ensure that an appellate record is filed in the appellate court. *See* TEX. R. APP. P. 35.3(c); *Watts v. Nathan*, No. 02-14-00406-CV, 2015 WL 5451179, at \*1 n.3 (Tex. App.—Fort Worth Sept.

17, 2015, no pet.) (mem. op.); *Aguero v. Aguero*, 225 S.W.3d 236, 237 (Tex. App.—El Paso 2006, no pet.); *B.T. Health Care, Inc. v. Honeycutt*, No. 07-04-0084-CV, 2004 WL 2029698, at *1 (Tex. App.—Amarillo Sept. 10, 2004, order), *disp. on merits*, 196 S.W.3d 298 (Tex. App.—Amarillo 2006, no pet.). And there is even a presumption that the trial court is anxious to aid any party in obtaining the action of the appellate court to which the party may be entitlement. *Wright v. Valderas*, 575 S.W.2d 405, 407 (Tex. App.—Fort Worth 1978, orig. proceeding).

In its October 10, 2017 order, the trial court permitted the Physicians Network to file its four summary-judgment exhibits in camera for the trial court to review in connection with the parties' pending summary-judgment proceedings and it prevented the release of or access to the four exhibits by any person other than the trial court or a reviewing appellate court. *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c). The trial court's August 21, 2018 and November 19, 2018 orders from which Fallon now attempts to appeal are simply orders entered by the trial court to effectuate its previous October 10, 2017 order, which has not been challenged by Fallon in his summary-judgment appeal. *See Fallon*, slip. op. at 1–46. In other words, the trial court entered the August 21, 2018 and November 19, 2018 orders, at the Physicians Network's request, in order to ensure that an accurate appellate record was before this Court in Fallon's summary-judgment appeal. Essentially, the trial court is carrying out its responsibility to ensure that a complete appellate record

is filed in this Court and attempting to aid the parties in obtaining any action by this Court to which they may be entitled. *See* TEX. R. APP. P. 35.3(c); *Watts*, 2015 WL 5451179, at *1 n.3; *Aguero*, 225 S.W.3d at 237; *B.T. Health Care*, 2004 WL 2029698, at *1; *Wright*, 575 S.W.2d at 407; *see also Pope*, 787 S.W.2d at 953; *In re Trujillo*, 2015 WL 799439, at *1; *Lesher*, 435 S.W.3d at 431–32; *Humphreys*, 881 S.W.2d at 944–45. This is not uncommon for a trial court to do when exhibits have be submitted to the trial court for in camera inspection pursuant to the PIA and then must be transmitted to an appellate court for review. *See, e.g.*, *Paxton*, 2019 WL 2119644, at *4 & n.5 (information filed under seal and submitted it to trial court for in camera inspection pursuant to Texas Government Code section 552.3221; information then filed under seal in appellate court); *Hilburn v. City of Hous.*, No. 07-15-00158-CV, 2016 WL 269164, at *2 (Tex. App.—Amarillo Jan 21, 2016, pet. denied) (mem. op.) (after party submitted information to trial for in camera inspection, pursuant to Texas Government Code section 552.3221, trial court entered order sealing information); *Tex. Appleseed v. Spring Branch Indep. Sch. Dist.*, No. 01-11-00605-CV, 2012 WL 1379649, at *1 (Tex. App.—Houston [1st Dist.] Apr. 11, 2012, order), *disp. on merits*, 388 S.W.3d 775 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting record in PIA case sealed at trial and on appeal); *Abbott v. N. E. Indep. Sch. Dist.*, 212 S.W.3d 364, 365 n.1 (Tex. App.—Austin 2006, no pet.) (noting document at issue in PIA case remained under seal on appeal); *Dominguez*,

23

48 S.W.3d at 794–95 (where trial court reviews information in camera in PIA case, "the material must be segregated and produced for the [appellate] court" on appeal; case remanded to trial court for "further proceedings in which the documents c[ould] be filed under seal and inspected in camera" and complete record could be available for appellate review); *Hart v. Gossum*, 995 S.W.2d 958, 961 (Tex. App.—Fort Worth 1999, no pet.) (in PIA case, when appellate record filed did not contain document tendered for in camera review in trial court, trial court clerk asked to prepare supplemental clerk's record containing sealed document; trial court held hearing and found document was accurate copy, document then filed under seal, and document became part of appellate record); *see also B. W. B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2017 WL 4348215, at *1 (Tex. App.—Austin Sept. 29, 2017, no pet.) (in PIA case, because appellate record did not contain documents filed in camera with trial court, appellate court abated appeal and remanded to trial court to have in camera documents returned to trial court and to have trial court clerk forward such documents to appellate court in supplemental clerk's record).

Based on the foregoing, we hold that the trial court did not err in entering its August 21, 2018 and November 19, 2018 orders in accordance with its October 10, 2017 order and the PIA. *See* TEX. GOV'T CODE ANN. § 552.3221(a)–(c).

24

Due to our disposition, we need not address Fallon's first and second issues.[19]

*See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's August 21, 2018 order, titled "Order to Permanently Seal Court Records," and its November 19, 2018 order.

Julie Countiss
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

---

[19] We note that the trial court's August 21, 2018 order, ruling that the Physicians Network's four summary-judgment exhibits should be filed "in camera and under seal" and that such exhibits be "permanently sealed," does reference Texas Rule of Civil Procedure 76a. However, the trial court also stated in its order that the "Physicians Network also ha[d] a right to have [its four summary-judgment exhibits] sealed pursuant to [s]ection[] . . . 552.3221 of the [PIA] as noted in the [trial] [c]ourt's [o]rder [g]ranting [the Physicians Network's] Motion to File Summary Judgment Exhibits In Camera issued on October 10, 2017." It is unnecessary to address the propriety of the trial court's additional reference to Rule 76a. *See* TEX. R. APP. P. 47.1.

25